**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwight L. Hines,            ) | No. CV 06-697-PHX-JAT |
|                             ) | |
| Plaintiff,       ) | **ORDER** |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| Ivan Bartos; et al.,        ) | |
|                             ) | |
| Defendants.      ) | |
|                             ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. On January 24, 2007, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Petition be denied. (Doc. #16) because it is barred by the statute of limitations. Petitioner objected to the R&R arguing that he should receive tolling of the statute of limitations. (Doc. #17).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections, the Court will review the R&R *de novo*.

**Statutory Tolling**

For the Petition in this case to be timely, it must be filed within one-year of when Petitioner's conviction became final, unless tolling applies. 28 U.S.C. § 2244(d)(1). Petitioner would be eligible for statutory tolling for any period he had a properly filed application for state post-conviction relief or other collateral review pending in the state courts regarding this conviction. 28 U.S.C. § 2244(d)(2).

In this case, following trial by jury, Petitioner was convicted and sentenced on August 31, 2000. R&R at 1. Petitioner appealed, his case was remanded, and he was re-sentenced on October 21, 2001. R&R at 2. Petitioner had twenty days to appeal, and did not appeal; therefore, his conviction became final on November 10, 2001. R&R at n. 2.

Before Petitioner's conviction became final, he filed his first Notice of Post-Conviction Relief. R&R at 5. Therefore, based on statutory tolling, Petitioner's statute of limitations did not begin to run when his conviction, following direct review, became final. The denial of this first request for post-conviction relief became final on June 14, 2004.[1] Answer at Exhibit L (Order of Court of Appeals signed June 14, 2004). Thus, Petitioner had to file his Petition in the Court by June 14, 2005.

Petitioner filed two other requests for post-conviction relief, neither of which further statutorily tolled the statute of limitations. The second notice of post-conviction relief was

---

[1] The Magistrate Judge found that Petitioner's conviction became final July 14, 2004. In reaching this date, the Magistrate Judge gave the Petitioner statutory tolling for the period of time to file a petition for review with the Arizona Supreme Court after the ruling of the Arizona Court of Appeals. R&R at 5-6. Petitioner has objected and argues that his conviction became file June 14, 2004, the date the order was signed. Objections at 4. Petitioner is correct that the time to seek discretionary review in the collateral attack (rather than direct appeal) phase of the case does not entitle Petitioner to statutory tolling. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1084 (2007) (holding that there is no statutory tolling for time to file a petition for certiorari with the supreme court or while such a petition is in fact pending); *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005) (finding Bonner's petition was untimely, therefore "it was never 'properly filed' for purposes of the tolling provision of the [AEDPA]"). Thus, it would follow that an appeal that is never filed cannot be considered timely and Petitioner cannot reap the benefit of statutory tolling without actually filing a petition for review of the post-conviction relief denial.

1  filed and resolved within 2002. R&R at 6. Because the statute of limitations was tolled for
2  all of 2002, this notice does not impact the statute of limitations.

3  Petitioner's third notice of post-conviction relief was filed on August 18, 2004, while
4  his statute of limitations was running. R&R at 6. The state court dismissed this notice as
5  untimely. Answer, Exhibit P. As a result, this notice did not toll the statute of limitations
6  because it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)
7  ("...[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state
8  court rejected petitioner's [Pennsylvania post-conviction relief act] petition as untimely, it
9  was not 'properly filed' and he is not entitled to statutory tolling under § 2244(d)(2).")

10  Thus, for Petitioner, the due date for filing a habeas petition with this Court remained
11  June 14, 2005. Petitioner filed this habeas petition on March 10, 2006. Therefore, it is
12  barred by the statute of limitations. In his objections, Petitioner attempts to overcome this
13  conclusion stating, "'However,'Court of Appeal file a motion for reconsideration of review
14  of Petitioner 1st PCR, this legal motion document was filed June 15, 2004 (Exh. B-5),
15  'availability of appeal has not exhausted state remedies' as Respondents stated in Section
16  2244(d)(1)(A)." Objections at 4. The exhibit to which Petitioner refers is a letter from the
17  Court of Appeals regarding the status of Petitioner's appeal from the denial of his first post-
18  conviction relief petition. Exhibit B-5 to Doc. #15 (Petitioner's Reply to Respondent's
19  Answer). A letter from the Court of Appeals does not affect when an action is properly filed
20  and pending. Therefore, this letter does not change this Court's conclusion that applying all
21  available statutory tolling, this Petition is barred by the statute of limitations. The objections
22  to this conclusion are overruled.

23  **Equitable Tolling**

24  Next, in his objections, Petitioner argues that he should be entitled to equitable tolling
25  of the statute of limitations. Although the Supreme Court has never held that equitable
26  tolling is available in cases where the Petition is barred by the Anti-terrorism and Effective
27  Death Penalty Act's statute of limitations, the Court has, nonetheless, set forth a two-prong
28  test for what Petitioner must show to establish equitable tolling:

1          1.     that Petitioner has been diligently pursing his rights; and

2          2.     that some extra-ordinary circumstance stood in Petitioner's way and prevented him from timely filing his Petition.

*Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

In the R&R, the Magistrate Judge concluded that Petitioner had not established that he was entitled to equitable tolling. R&R at 7-9. Petitioner objects to this conclusion. With respect to the first prong of the test for equitable tolling, Petitioner states, "As you can see, Petitioner have been diligently pursing the right of the Courts to exhaust all state remedies staying in the guild lines of the Court. If infact the Court of Appeals made any mistake, Petitioner shouldn't be punished for that." Objections at 4.

This quoted language is Petitioner's entire argument to support that he has been diligently pursuing his rights. Petitioner's argument on this point is insufficient to establish that he has been diligently pursuing his rights. Nonetheless, it appears that the Magistrate Judge based his conclusion in the R&R on the issue of equitable tolling solely on extraordinary circumstances beyond Petitioner's control, without deciding whether Petitioner was diligently pursuing his rights. Therefore, this Court will assume without deciding that Petitioner has been diligently pursuing his rights.

Next, the Court must consider whether extraordinary circumstances beyond Petitioner's control prevented him from timely filing his habeas petition. In his objections, Petitioner argues that he can show extraordinary circumstances because he was transferred to a different location. Objections at 4. Specifically, Petitioner states that on May 14, 2004 he was transferred to a new detention center wherein he had limited access to legal forms. *Id.*

Petitioner has not shown, and the Court does not find, that limited access to forms is a basis for equitable tolling. While the Court of Appeals has held that in some circumstances limited access to library materials may for the basis for equitable tolling, *see Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (2000), there is no allegation of inadequate legal materials in

1  this case. Instead Petitioner argues that he did not have legal forms for his use following his
2  transfer.[2]

3  The Supreme Court has held that there is no right to legal assistance in seeking any
4  type of post-conviction relief, and, as a result, alleged errors in legal assistance in seeking
5  post-conviction relief cannot form the basis for equitable tolling. *Lawrence v. Florida*, 127
6  S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant
7  equitable tolling, particularly in the postconviction context where prisoners have no
8  constitutional right to counsel."). This Court finds that the availability of pre-prepared forms
9  to seek post-conviction relief is analogous to legal assistance in seeking post-conviction
10 relief. Thus, assuming Petitioner is correct and no legal forms were available, this
11 inadequacy of forms, like the inadequacy of counsel, cannot form the basis for equitable
12 tolling.[3] Thus, the objection to this conclusion of the R&R is overruled.

13 Petitioner also argues that the letter from the Court of Appeals, which he earlier
14 argued should form the basis of statutory tolling, should also form the basis for equitable

---

[2] Petitioner argues that he was transferred on May 14, 2004. This is before the statute of limitations began to run on June 14, 2004. Petitioner makes no allegation regarding how long he was transferred. (Based on Petitioner's current address, he has since been transferred back.) The date of any transfer back would be relevant because impediments to filing early in the statute of limitations period can be overcome if they cease to exist later in the statute of limitations period. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). However, for purposes of this Order only, the Court has given Petitioner the benefit of the doubt that he was transferred for the entire statute of limitations period, through June 14, 2005.

[3] Again, for purposes of this Order only, the Court has accepted Petitioner's assertion that no forms were available. Notably, however, this asserted is belied by the record. During the period the statute of limitation for seeking habeas relief was running (June 14, 2004 to June 14, 2005) on August 18, 2004 Petitioner filed his third notice of post-conviction relief. In his objections, Petitioner attempts to dismiss the significance of this filing by arguing that while he was still transferred "ADCC" sent him post-conviction relief Rule 32 forms, which explains how he had those forms. Objections at 5. To the Court, however, it would appear that Petitioner was not completely without access to forms, as he claims, because it appears that he still had the ability to obtain forms from Arizona. Nonetheless, as indicated above, the Court has given Petitioner the benefit of the doubt that he did not have forms during the period of his transfer.

1  tolling. Objections at 4. Specifically, Petitioner claims that if the Court of Appeals made a
2  mistake regarding whether his appeal of the denial of his first request for post-conviction
3  relief was pending, Petitioner should have equitable tolling for the period of that mistake.
4  Petitioner is referencing that on June 4, 2004 he sent a letter to the Arizona Court of Appeals
5  inquiring about the status of his appeal. On June 14, 2004, the Court of Appeals issued its
6  decision. On June 15, 2004, the Clerk of the Court responded to Petitioner's letter and did
7  not mention that the Court of Appeals had already issued its opinion. In fact, the letter from
8  the Court of Appeals implies that the appeal is still pending ("Your case will be assigned to
9  a panel of this court for consideration and disposition in due course, and you will receive a
10 copy of the court's ruling by mail."). Doc. #15, Petitioner's Reply to Respondent's Answer,
11 Exhibit B-5.

12    Because this letter was written after the Court of Appeals ruled on Petitioner's case,
13 it would appear that this letter should have included reference to the fact that the ruling had
14 issued. Notably, the letter was sent only one day after the ruling; thus, it seems likely that
15 the Clerk of the Court was unaware of the ruling when the letter was sent. However, this
16 Court would have no way of knowing the Court of Appeals procedures in this regard.
17 Further, the Court disagrees that this error, if there was one, entitles Petitioner to equitable
18 tolling.

19    Petitioner never states that he did not receive the Court of Appeals ruling of June 14,
20 2004. He merely references that he received this letter. Petitioner makes no argument that
21 he relied on this letter in anyway to believe his habeas statute of limitations was tolled.
22 Further, Petitioner continued to file in state court after receiving this letter. Therefore, there
23 is nothing in this letter that was an extraordinary circumstance that prevented Petitioner from
24 timely filing his habeas petition. Accordingly, this letter also does not provide a basis for
25 equitable tolling.

26    Based on the foregoing, and having overruled the objections to the R&R, the Court
27 finds no basis for equitable tolling. Therefore, the Court concludes that the Petition in this
28 case is barred by the statute of limitations and will be denied.

**Motion for Discovery of Evidence**

Following filing his objections to the R&R, Petitioner filed a document titled, "Requesting Discovery of Evidence." Doc. #18. Basically, Petitioner is asking this Court to order a handwriting sample analysis of some evidence that was used at this trial in state court. First, the Petition in this case is barred by the statute of limitations, therefore, any requests for discovery are moot. Second, even if the Petition was not barred, this Court typically cannot order new evidence of guilt be presented or taken in the record on habeas review. The Court can only review the state court record for Constitutional error. Thus, the relief sought by Petitioner is improper in the habeas context. As a result, this motion will be denied.

**Conclusion**

Because the Petition in this case is barred by the statute of limitations,

**IT IS ORDERED** that the Report and Recommendation (Doc. #16) is accepted and adopted as indicated above, the Objections (Doc. #17) are overruled, the Petition is for Writ of Habeas Corpus is denied, with prejudice, because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the "requesting discovery of evidence" (Doc. #18) is also denied.

DATED this 9th day of May, 2007.

_____
James A. Teilborg
United States District Judge